# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00029-MR-DLH

| | |
|---|---|
| RAYMOND V. BOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| NORTHERN TWO CAYES ) | |
| COMPANY LIMITED and ) | |
| LIGHTHOUSE REEF RESORT ) | |
| LTD., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Confirmation of Arbitrator's Order of Interim Measures and Issuing of Same Order from the Court" [Doc. 30]; Plaintiff's "Motion for Expedited Consideration to Confirm Arbitrator's Award and Arbitrator's Opinion that the Arbitration is Binding" [Doc. 31]; and the Plaintiff's "Motion to Allow Plaintiff to File Supplemental Memorandum in Support of Plaintiff's Latest Reply" [Doc. 35].

## I. BACKGROUND

On March 15, 2016, this Court entered an Order compelling arbitration of this matter pursuant to the arbitration provision set forth in the parties'

Listing Contract. [Doc. 29]. Thereafter, the parties selected Gary S. Hemric to be the arbitrator and agreed to use the Commercial Rules of the American Arbitration Association (hereinafter "AAA Rules"). On May 19, 2016, the arbitrator issued an Order for Interim Measures granting preliminary injunctive relief to the Plaintiff as follows:

> 1. During the pendency of this arbitration proceeding and for a period of 30 days following the date of delivery of the Opinion and Award – but only if such Opinion and Award specifically grants the relief requested by Bowers in the form of imposition of an 8% brokerage fee to be paid by Respondents to Bowers incidental to the sale of the two islands off the coast of Belize and only if Respondents complete a sales transaction of that real estate to Puerto Azul Belize, Limited (hereinafter "PABL") or its agent – Respondents shall be obligated to place into a secure escrow account maintained by their counsel in this arbitration proceeding a sum equal to 8% of the total purchase price and/or consideration paid by PABL to Respondents . . . .

[Doc. 30-2 at 2-3]. The Order for Interim Measures was subsequently clarified as follows:

> In clarification of the provisions of ¶ 1, the arbitrator directs that Respondents shall be under a duty to withhold from the proceeds of any sale of the two islands off the coast of Belize made to Puerto Azul Belize, Limited (hereinafter "PABL") or its agent an amount equal to 8% of the total purchase price and/or consideration paid by PABL to Respondents. This obligation shall commence immediately and shall conclude on the earlier of the following events: (i) a date 30 days following the date of delivery of the

2

> Opinion and Award by the arbitrator; or (ii) the date of delivery of the Opinion and Award if Claimant is not granted the relief sought by him in the form of imposition of an 8% brokerage fee on the sale by Respondents to PABL. It is the intention of the arbitrator in providing for interim measures to insure that during the pendency of the arbitration proceeding and 30 days after delivery of the Opinion and Award, insofar as there is the possibility that Bowers is successful with respect to his claim of an 8% brokerage fee on the transaction, that Respondents retain in a secure escrow account maintained by their counsel in this arbitration proceeding a sum equivalent to that brokerage fee which may become due and payable to Bowers as a result of the arbitration proceeding.

[Doc. 30-2 at 4].

On June 2, 2016, the Plaintiff filed a motion with the arbitrator, seeking a determination as to whether the parties' arbitration agreement requires binding arbitration. [Doc. 31-3]. On June 8, 2016, the arbitrator sent an e-mail to the parties in which he expressed his opinion that the parties' agreement called for binding arbitration but that the issue was one that should ultimately be addressed by this Court. [Doc. 31-4].

The Plaintiff now returns to this Court seeking confirmation of the arbitrator's Order for Interim Measures [Doc. 30], as well as confirmation of the arbitrator's opinion that the parties' arbitration is binding [Doc. 31]. The Defendants oppose both of the Plaintiff's motions, arguing (1) that the arbitrator's order granting injunctive relief to the Plaintiff should be vacated

and (2) that the arbitrator's order defies the parties' intention to resolve their disputes via non-binding arbitration. [Doc. 32]. The Plaintiff filed a Reply to the Defendants' Response on June 15, 2016. [Doc. 33]. On July 6, 2016, the Plaintiff filed a motion seeking leave to file a supplemental memorandum in support of his Reply. [Doc. 35].

## II.  DISCUSSION

An arbitrator has the power to grant preliminary injunctive relief, and district courts have the power to confirm and enforce such awards of equitable relief. Arrowhead Global Solutions, Inc. v. Datapath, Inc., 166 F. App'x 39, 44 (4th Cir. 2006). A district court's ability to review an arbitrator's award, however, "is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all — the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." Apex Plumbing Supply, Inc. v. U.S. Supply Co., 142 F.3d 188, 193 (4th Cir. 1998) (footnote and internal citation omitted). "A court sits to 'determine only whether the arbitrator did his job — not whether he did it well, correctly, or reasonably, but simply whether he did it.'" Wachovia Sec., LLC v. Brand, 671 F.3d 472, 478 (4th Cir. 2012) (quoting U.S. Postal Serv. v. Am. Postal Workers Union,

204 F.3d 523, 527 (4th Cir. 2000)). Thus, a district court may vacate an arbitration award "only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." Apex Plumbing, 142 F.3d at 193.

The Fourth Circuit has explained that in order for a court to vacate an award on the grounds of the arbitrator's manifest disregard for the law, the record before the court must show that:

> (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator refused to heed that legal principle. We note that under this standard, proving manifest disregard require[s] something beyond showing that the arbitrators misconstrued the law, especially given that arbitrators are not required to explain their reasoning.

Wachovia Sec., 671 F.3d at 481 (internal quotation marks and citation omitted). A mere error or misapplication of the law is not sufficient grounds for vacating an arbitration award. Arrowhead Global, 166 F. App'x at 46 (citing Apex Plumbing, 142 F.3d at 193-94).

Here, the arbitrator granted interim injunctive relief to the Plaintiff pursuant to AAA Rule 37, which provides, in pertinent part, as follows:

> The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

5

AAA Commercial Arbitration Rules, Rule 37(a) (2013). The Defendants argue that the arbitrator's award of interim injunctive relief was "in manifest disregard of law" because the arbitrator failed to apply the appropriate legal standard for awarding a preliminary injunction set forth by the Fourth Circuit Court of Appeals. Specifically, the Defendants contend that during oral argument, the arbitrator declared that he was not bound by the prevailing legal standard for granting preliminary injunctions in fashioning relief under AAA Rule 37. The Defendants contend that the arbitrator's failure to discuss the prevailing legal standard in the Order for Interim Measures "exemplifies such a manifest disregard" of the law. [Doc. 32 at 5].

Notably, the arbitrator's alleged statements made during oral argument are not part of the record before the Court and thus cannot be considered by the Court in determining whether the arbitrator acted with manifest disregard of the law in fashioning injunctive relief. What is before the Court is the Order for Interim Relief, which reflects the arbitrator's conclusion "that certain specific interim measures are necessary so as not to frustrate the primary thrust of the arbitration proceeding and the claims by Bowers which are to be adjudicated during the merits hearing of this matter . . . ." [Doc. 30-2 at 2]. The Order for Interim Relief does not indicate what legal standard the arbitrator applied in coming to that conclusion; however, the lack of any

6

discussion in that regard cannot reasonably be construed as a "refusal to heed" the applicable legal standard on the part of the arbitrator. See Wachovia Sec., 671 F.3d at 481 (noting that "proving manifest disregard require[s] something beyond showing that the arbitrators misconstrued the law, especially given that arbitrators are not required to explain their reasoning"). Thus, the Order's silence regarding the legal standard applied fails to establish that the arbitrator acted in manifest disregard of that standard. As the Defendants have failed to demonstrate that the arbitrator acted in manifest disregard of the law, and there being no other grounds advanced for vacatur, the arbitrator's interim award of injunctive relief must be confirmed.

### B. Motion to Confirm Arbitrator's Opinion That Arbitration is Binding

Next, the Plaintiff asks the Court to confirm the arbitrator's opinion that the arbitration is binding on the parties. As noted above, the arbitrator expressed an opinion regarding the binding nature of the arbitration agreement in an e-mail communication to the parties. [Doc. 31-4]. As no formal order or award has been rendered on this issue, there is nothing for the Court to confirm in this regard. Accordingly, the Plaintiff's motion to

confirm the arbitrator's opinion regarding the binding nature of the arbitration proceeding is denied.[1]

### C. Plaintiff's Motion for Leave to File Supplemental Reply

The Plaintiff also seeks leave to file a supplemental brief in support of his reply in order to submit additional legal authority which the Plaintiff contends he was previously unable to access. [Doc. 35]. Upon consideration of the Plaintiff's motion, the Court will deny the Plaintiff's request to file a supplemental reply.[2]

### O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's "Motion for Confirmation of Arbitrator's Order of Interim Measures and Issuing of Same Order from the Court" [Doc. 30] is **GRANTED**, and the arbitrator's Order for Interim Measures, as clarified, is hereby **CONFIRMED**;

---

[1] As the Court noted previously, the presentation of this issue is premature, as there is no arbitration award and no motion regarding the confirmation of such award pending before the Court. [Doc. 29 at 9 n.5].

[2] In addition, the Court notes that the Plaintiff filed a letter [Doc. 34] with the Court on June 21, 2016, in which the Plaintiff points out a purported error in the Court's prior Order [Doc. 29] and also requests an expedited ruling on his pending motions. The Plaintiff is cautioned that he is not to communicate with the Court through letters. If the Plaintiff wishes to seek affirmative relief from the Court, he should do so in the form of a motion. The Court cannot act upon letters, whether *ex parte* or with notice.

(2) Plaintiff's "Motion for Expedited Consideration to Confirm Arbitrator's Award and Arbitrator's Opinion that the Arbitration is Binding" [Doc. 31] is **DENIED**;

(3) Plaintiff's "Motion to Allow Plaintiff to File Supplemental Memorandum in Support of Plaintiff's Latest Reply" [Doc. 35] is **DENIED**.

**IT IS SO ORDERED.** Signed: July 7, 2016

Martin Reidinger
United States District Judge