# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00029-MR-DLH

| | |
|---|---|
| **RAYMOND V. BOWERS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **NORTHERN TWO CAYES** ) | |
| **COMPANY LIMITED and** ) | |
| **LIGHTHOUSE REEF RESORT** ) | |
| **LTD.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Remand to Arbitrator for Clarification, Extension of Injunctive Relief, and Ruling that Arbitration in Binding." [Doc. 37]. Defendants have responded to Plaintiff's Motion [Doc. 40], and the Plaintiff has replied thereto. [Doc. 41].

## BACKGROUND

On March 15, 2016, this Court entered an Order compelling arbitration of this matter pursuant to the arbitration provision set forth in the parties' Listing Contract. [Doc. 29]. Thereafter, the parties selected Gary S. Hemric to be the arbitrator and agreed to use the Commercial Rules of the American Arbitration Association to govern the arbitration proceeding. According to

the parties, Arbitrator Hemric conducted a three-day arbitration hearing September 14-16, 2016. [Docs. 37 at 1; 40 at 2]. Further, according to the parties, Arbitrator Hemric issued an Opinion and Award on October 13, 2016.[1] [Id.].

---

[1] Even though the parties agree that the arbitrator issued his Opinion and Award on October 13, 2016, the story does not end there. According to the Defendants:

> The next day, on October 14, 2016, Plaintiff requested that the arbitrator clarify three points in the arbitrator's award. … The arbitrator responded that same day to clarify those points. … The arbitrator later added that the clarifications in his email should be considered an integral part of the Opinion and Award. … On October 20, 2016, counsel for Defendants emailed the arbitrator to confirm counsel's interpretation of a portion of the Opinion and Award. The arbitrator confirmed counsel's interpretation on October 24, 2016. … On October 31, 2016, Plaintiff filed a Motion for Clarification with the arbitrator, including a brief and a proposed "clarification supplement." … The arbitrator requested counsel for Defendants to reply to Plaintiff's motion. Before counsel could respond, the arbitrator emailed Plaintiff and Defendants' counsel and indicated that he was not inclined to make the kind of revisions to the Opinion and Award that Plaintiff was requesting. … On November 10, 2016, counsel for Defendants sent an email response to the arbitrator concurring with the arbitrator's view that Rule 50 of the Commercial Rules of the American Arbitration Association is limited and that Plaintiff was seeking substantive modifications to the Opinion and Award. …. On November 11, 2016, the arbitrator issued his determination that Plaintiff's "Motion for Clarification seeks modifications/additions to the Opinion & Award that go far beyond what the Commercial Rules [of the AAA] contemplate, and therefore must be denied in its entirety." The arbitrator indicated this was his final decision on the matter. … Plaintiff sent two subsequent emails to the arbitrator on November 11, 2016 to which the arbitrator responded by email that if either of the parties wanted his clarifications of October 14 and 26, 2016 to be memorialized in writing, he would accommodate that desire. … On November 22, 2016, Plaintiff sent two emails to the arbitrator, the first one acknowledging the arbitrator's willingness to memorialize his previous clarification in writing and asking him to reconsider his decision on Plaintiff's Motion for Clarification. … Plaintiff then sent a second November 22, 2016 email to the arbitrator. … On November 30, 2016, Plaintiff sent yet another email to the arbitrator asking for a response to his request for clarification. … Later that day, the arbitrator responded that his position had not changed with regard to Plaintiff's Motion for Clarification. … On December 16, 2016, Plaintiff filed the present Motion.

[Doc. 40 at 2-4 (footnote omitted, formatting condensed)].

The Plaintiff's present motion requests that the Court remand Arbitrator Hemric's Opinion and Award for: (1) clarification; (2) an extension of the injunctive relief previously imposed; and (3) an explicit determination that the arbitration is binding on the parties. [Doc. 37]. The Defendants oppose the Plaintiff's motion asserting that: (1) the arbitration Opinion and Award is clear; (2) the arbitration proceeding was non-binding; and (3) the parties should proceed to litigate the matter in court. [Doc. 40 at 2].

## DISCUSSION

The Plaintiff asks the Court to remand the arbitrator's Opinion and Award for further modifications. According to the Plaintiff, "the main thrust" of his motion "is to request that the court remand the Arbitrator's O&A for major clarifications and order clear enforcement measures." [Doc. 37 at 2]. The impediment to the relief requested by the Plaintiff, however, is that the arbitrator's Opinion and Award is not presently before the Court.

The framework established by the FAA is clear. Until a party applies to a court for the confirmation of an arbitration award, and serves such application (to include a complete copy of the arbitrator's award) upon the adverse party in conformity with section 9 of the FAA, no court is able to adjudicate any interests of (or potential contentions by) the adverse party reflected in such award. See 9 U.S.C. § 9 ("Notice of the application shall

be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding."). Plaintiff's citation to section 11 of the FAA regarding the Court's ability to modify or correct an award is inapposite. [Doc. 37 at 3]. A court can take no action upon an arbitrator's award without such award first being served upon the adverse party and presented to the court for confirmation pursuant to section 9 of FAA. As no such motion is presently before the Court, there exists no basis on which the Court can order remand.[2] Accordingly, the Plaintiff's motion to remand the arbitrator's Opinion and Award will be denied.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Remand to Arbitrator for Clarification, Extension of Injunctive Relief, and Ruling that Arbitration in Binding" [Doc. 37] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 30, 2017

Martin Reidinger
United States District Judge

---

[2] Since the arbitrator's award is not presently before the Court, the Court expresses no opinion about the propriety of the arbitrator's award, including whether the award is binding on the parties such that "a judgment of the court shall be entered upon the award made pursuant to the arbitration[.]" 9 U.S.C. § 9.