IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00029-MR-DLH

| | |
|---|---|
| **RAYMOND V. BOWERS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **NORTHERN TWO CAYES** ) <br> **COMPANY LIMITED and** ) <br> **LIGHTHOUSE REEF RESORT** ) <br> **LTD.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Entry of Judgment and for Certification of the Award" [Doc. 50]. The Defendants have not responded to the Plaintiff's Motion.

In its prior Order, the Court directed the parties to confer with each other in an effort to provide a stipulation to the Court of the amount paid by Puerto Azul Belize, Ltd. (PABL) and retained by the Defendants so that a judgment in favor of the Plaintiff can be entered. [Doc. 49]. On October 16, 2017, the Plaintiff filed the present motion, stating that the parties had agreed that the amount paid by PABL to the Defendants towards the purchase of the Defendants' property is $3,125,000. [Doc. 50 at 1]. Based on this

stipulation, the Plaintiff requests that the Court enter judgment on the arbitration award in the amount of $205,346 (4% of the amount paid by PABL, plus $80,346 in costs and expenses). The Plaintiff also requests that the Court include in its final judgment: (1) "a certification that the arbitration falls under the New York Convention, and b) certified copies of the arbitral award and the arbitration agreement (in the Listing Contract)." [Id. at 1]. While the Plaintiff represents that the Defendants stipulated to the amount paid, the Plaintiff's motion also reflects that counsel for the Defendants declined to consent to the filing of the motion. [Id. at 4]. The Defendants, however, filed no opposition to the Plaintiff's motion.

Upon review of the Plaintiff's motion, and for cause shown, the Court will enter judgment in the amount of $205,346. The Plaintiff's request for certification of the arbitration award, however, is denied. The Plaintiff appears to seek certification of the arbitration award under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, otherwise known as "the New York Convention." That treaty, however, applies to the registration and enforcement of foreign arbitration awards. Id. Here, the Plaintiff has sought, successfully, to confirm a domestic arbitration award. With the entry of judgment, the Plaintiff will have a federal court judgment

that he may seek to domesticate in the courts of Belize. The New York Convention, therefore, is simply inapplicable to the present proceedings. Accordingly, the Plaintiff's request for certification of the arbitration award and the arbitration agreement is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Entry of Judgment and for Certification of the Award" [Doc. 50] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, to the extent that the Plaintiff seeks an entry of judgment, the motion is **GRANTED**, and judgment shall be entered contemporaneously herewith. In all other respects, the Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 14, 2017

Martin Reidinger
United States District Judge